**Ermidio Epifanio DIAZ–CALDERON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70343.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 26, 2012.*

Filed July 10, 2012.

Jenny Tsai, Green & Tsai, Attorneys at Law, San Francisco, CA, for Petitioner.

Remi Adalemo, Trial, Ari Nazarov, Oil, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM **

Ermidio Epifanio Diaz–Calderon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Even if Diaz–Calderon's asylum application was not abandoned, and even if he established a nexus to a protected ground, substantial evidence supports the BIA's finding that Diaz–Calderon's mistreatment by guerrillas and the military did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (minor physical abuse during a single detention did not compel find-

ing of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats were harassment rather than persecution). Substantial evidence also supports the BIA's finding that Diaz–Calderon failed to established an objectively reasonable well-founded fear of future persecution. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002) (petitioner failed to demonstrate a reasonable fear of future persecution). Accordingly, Diaz–Calderon's asylum claim fails.

Because Diaz–Calderon did not meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Diaz–Calderon failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.